J-S49040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THOMAS EDWARD GROVE, | |
| Appellant | No. 157 EDA 2016 |

Appeal from the PCRA Order November 30, 2015
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0002493-2010
CP-15-CR-0003188-2010

BEFORE:  PANELLA, J., OLSON, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:              **FILED June 16, 2016**

Appellant, Thomas Edward Grove, appeals *pro se* from the order entered in the Court of Common Pleas of Chester County dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

The relevant facts and procedural history are as follows:  Appellant pled guilty to possession with the intent to deliver a controlled substance and possession of a firearm prohibited.[1]  On September 27, 2011, he was sentenced to an aggregate of eleven years to twenty-two years in prison. Appellant filed neither a timely post-sentence motion nor a direct appeal.

_____

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. § 6105(a)(1), respectively.

*Former Justice specially assigned to the Superior Court.

On May 29, 2015, Appellant filed a *pro se* PCRA petition,[2] and the trial court appointed counsel to represent Appellant. On August 5, 2015, counsel filed a petition seeking to withdraw his representation, and thereafter, Appellant filed an amended *pro se* PCRA petition. By order entered on October 9, 2015, the PCRA court provided notice of its intent to dismiss Appellant's PCRA petition, to which Appellant filed a *pro se* response. On November 30, 2015, the PCRA court dismissed Appellant's PCRA petition and granted counsel's petition to withdraw his representation. This timely *pro se* appeal followed,[3] and all Pa.R.A.P. 1925 requirements have been met.

"Our standard of review of the denial of PCRA relief is clear; we are limited to determining whether the PCRA court's findings are supported by the record and without legal error." ***Commonwealth v. Wojtaszek***, 951 A.2d 1169, 1170 (Pa.Super. 2008) (quotation and quotation marks omitted).

Preliminarily, we must determine whether Appellant's PCRA petition was timely filed. ***See Commonwealth v. Hutchins***, 760 A.2d 50

---

[2] Although Appellant's *pro se* PCRA petition was docketed on June 1, 2015, the record suggests Appellant handed it to prison officials on May 29, 2015. Thus, under the prisoner mailbox rule, we shall deem Appellant's PCRA petition to have been filed on May 29, 2015. ***See Commonwealth v. Patterson***, 931 A.2d 710 (Pa.Super. 2007) (discussing prisoner mailbox rule).

[3] Although Appellant's *pro se* notice of appeal was docketed on January 4, 2016, the prison envelope in which Appellant's notice of appeal was mailed bears a time stamp of December 23, 2015. Accordingly, pursuant to the prisoner mailbox rule, we deem Appellant's notice of appeal to have been filed on December 23, 2015. ***See Patterson***, ***supra***.

(Pa.Super. 2000). Pennsylvania law makes it clear that no court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Robinson**, 575 Pa. 500, 837 A.2d 1157 (2003). The most recent amendments to the PCRA, effective January 19, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

(i)     the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provide in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

"A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented." ***Commonwealth v. Lawson***, 90 A.3d 1, 5 (Pa.Super. 2014) (citation omitted). "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Marshall***, 596 Pa. 587, 947 A.2d 714, 719 (2008) (citations omitted).

Instantly, Appellant was sentenced on September 27, 2011, and his judgment of sentence became final thirty days later on October 27, 2011, when the time within which to file an appeal to this Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Appellant, thus, had until October 27, 2012, to file a timely PCRA petition; however, Appellant filed the instant PCRA petition on May 29, 2015, and therefore, it is patently untimely.

This does not end our inquiry, however, as Appellant attempts to invoke the timeless exception of 42 Pa.C.S.A. § 9545(b)(1)(iii) relating to a new constitutional right that applies retroactively. Specifically, he avers his sentence is illegal under ***Alleyne v. United States***, ___ U.S. ___, 133 S.Ct. 2151 (2013). Initially, inasmuch as ***Alleyne*** was decided on June 17, 2013, and Appellant did not file his petition until May 29, 2015, we conclude that Appellant has not pled or proven that he presented his claim within sixty days of the date the claim could first have been presented. Moreover, as the

PCRA court noted, this Court has held that **Alleyne** does not apply retroactively to petitioners such as Appellant.[4] **Commonwealth v. Ruiz**, 131 A.3d 54 (Pa.Super. 2015); **Commonwealth v. Riggle**, 119 A.3d 1058 (Pa.Super. 2015).

For all of the foregoing reasons, we affirm the PCRA court's dismissal of Appellant's PCRA petition.

Affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/16/2016

---

[4] Additionally, to the extent Appellant attempts to present a timeliness exception under Section 9545(b)(1)(iii) on the basis of **Commonwealth v. Hopkins**, ___ Pa. ___, 117 A.3d 247 (2015), we note **Hopkins** did not announce a "new rule;" but rather, it simply assessed the validity of 18 Pa.C.S.A. § 6317 ("Drug-free school zones") under **Alleyne**, and concluded that particular mandatory minimum sentencing statute is unconstitutional. Moreover, neither our Supreme Court nor this Court has held that **Hopkins** applies retroactively to collateral petitioners such as Appellant.